Edward R. Dudley, J.
Motion for an order pursuant to CPLR 3211 (subd. [a], par. 7) dismissing plaintiff’s second cause of action on the ground that it fails to state a cause of action is granted. The second cause of action asserts that the insertion of advertisement for baby and child care products into plaintiff’s book “Baby and Child Care” is contrary to the public policy of New York and Ohio. It seeks a declaration that a certain agreement between the parties dated February *813 3, 1959, to the extent that it countenances such advertising, is null and void and it seeks an injunction against the further inclusion of the advertisements in plaintiff’s books. The bases for plaintiff’s claim of public policy violation are that said advertising: (1) causes the public to believe that the advertised products are indorsed by or connected with plaintiff; (2) subjects the plaintiff to the risk of violation of the principles of professional conduct of the medical profession and (3) is demeaning and degrading to the physician and to the medical profession. In proceeding pursuant to CPLE 3211 (subd. [a], par. 7) defendant concedes, for the purposes of the motion, the truth of plaintiff’s well-pleaded factual assertions. Defendant does not concede, as contended by plaintiff, assumptions, opinions, speculations and/or conclusions of law pleaded in the complaint, i.e., the above-enumerated bases for plaintiff’s public policy argument.
Defendant demonstrates that no declared public policy of the States of New York or Ohio warrant the relief requested under the plaintiff’s second cause of action.
It is not yet the declared public policy of New York or Ohio that the public health and welfare is so endangered by the indorsement of commercial products by a doctor that such an act should subject the doctor to loss of his license to practice medicine. Similarly, it is not yet the policy of this State (or of Ohio insofar as this court can determine) that contracts for such commercial indorsement are to be declared void and unenforcible. It is only since 1964 that the Judicial Council of the American Medical Association has expressed the opinion that a doctor should not lend his name to any product because such action 11 adversely reflects on the dignity and honor of the profession.” Such an opinion is entitled to careful consideration by the court, but it hardly constitutes an expression of the public policy of New York and Ohio, that the welfare, health and safety of the public are also adversely affected. One might devise a mildly amusing parlor game trying to list all the names of commercial products, including baby products, to which a doctor has already lent his name. It has not been demonstrated that the mere fact of such sponsorship has been injurious to the public. Moreover, there seems to exist some difference of opinion on this subject of commercial indorsement among members of the healing arts. It will be recalled that the American Dental Association has but recently permitted certain of its findings to be exploited as an express indorsement of a popular oral dentifrice. Clearly, the American Dental Association does not believe that lending its name to a product demeans or *814 degrades the profession of dentistry, or endangers the public health and welfare.
The fact that the plaintiff, through naivete or improvidence, may have subjected himself to professional censure by authorizing the advertising, appears to be highly relevant to the first cause of action pleaded. It does not support the conclusion that some public policy has been violated. The standard of conduct to which doctors are held by their own professional associations is not always the standard demanded by the State for the public health and welfare. Witness the recent Nationwide concern as to the need for so-called “ Good Samaritan statutes.”
In sum, it has not been shown that the challenged agreement contravenes any statute or case law, or that it is calculated to induce activity inimical to the public welfare so as to warrant a declaration that it is unenforeible as contrary to public policy.